**SUMMONS ISSUED**

# CV 12 3243

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

CHAYA M. RONESS on behalf of herself and
all other similarly situated consumers

                            Plaintiff,

        -against-

COHEN & SLAMOWITZ, LLP

                    Defendant.

-----------------------------------------------------------

**F I L E D**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★    JUN 28 2012    ★

LONG ISLAND OFFICE

*BRODIE, J.*

*GOLD, M.*

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Chaya M. Roness seeks redress for the illegal practices of Cohen & Slamowitz, LLP in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Woodbury, Nassau County, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

7.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
    1692(a)(6).

### *Jurisdiction and Venue*

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
    1331.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
    transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Chaya M. Roness*

10. Upon information and belief, on a date better known by Defendant, Defendant began to
    attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendant left many
    messages on the Plaintiff's answering machine on numerous occasions.

12. On or about December 22, 2011, Meria, a representative of Cohen & Slamowitz, LLP
    called, soliciting a third party to give a message to the Plaintiff to return the call.

13. The representative said to tell Chaya that it is a personal business matter for Chaya, and
    that she should return the call to Cohen & Slamowitz, LLP at 1800 293 6006 ext. 8934.

14. While a majority of the courts have ruled that under the FDCPA, a debt collector may
    not have a right to leave a message on a voicemail system and in fact, risks violating
    either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. See e.g. Carman v. CBE Group,
    Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). It is well settled that when
    a debt collector contacts or reaches a third party and chooses to leave **any** message at
    all to be conveyed to the debtor, such a communication being left with a third party will

in fact violate §§ 1692c(b),1692d(6), 1692e(11). <u>Leyse v. Corporate Collection Servs.,</u>

<u>2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006)</u> (The court followed <u>Foti, 424</u>

<u>F. Supp. 2d at 655-56</u> and <u>West v. Nationwide Credit, 998 F. Supp. 642, 644 (W.D.N.C.</u>

<u>1998)</u> in finding that a phone call to a debtor's neighbor that the defendant had a "very

important" matter to address was "regarding a debt" because the content of the phone

call was "with respect to" the defendant's efforts to collect on plaintiff's alleged

arrearage and since a phone message that "advised the debtor that the matter required

immediate attention, and provided a specific number to call to discuss the matter" was a

communication under the FDCPA "given that the obvious purpose of the message was

to provide the debtor with enough information to entice a return call. The court noted

"Were this Court to determine that [the debt collectors] Messages did not constitute

communications "regarding [Plaintiff's] debt", the Court would be creating an exception

to swallow the rule. Under such an exception, debt collectors would be able to abuse and

harass consumers with phone calls and other forms of correspondence so long as there is

no express mention of the consumers' debts. The court also found: **"A message left by a**

**debt collector which does not state that it pertains to a financial matter could**

**reasonably pertain to a host of issues - including family or medical matters - which**

**may be viewed by a consumer as much more pressing than a debt owed. The**

**apparent purpose of these messages is to be vague enough to provoke the recipient**

**to return the calls in haste. Leaving a message that deceptively entices a consumer**

**to communicate with a debt collector when he is caught off guard is precisely the**

**kind of abuse the FDCPA intended to prevent."**) (emphasis added)  See <u>Krapf v.</u>

Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 1692(b), 1692(c)(b), and and 1692(d). West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party. The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (a complaint alleging that debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b). Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (holding that § 1692(c)(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed because that reading would render § 1692(b) superfluous.) Blair v. Sherman Acquisition, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the

-4-

meaning of the statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692(b). Mathis v. Omnium Worldwide, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 ("'Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'". West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) Krapf v. Collectors Training Institute of Illinois, Inc., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998) (contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." stated a claim under § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third party to relay about a "very important" matter regarding the Plaintiff. Plaintiff sufficiently stated claims under §§ 1692(b), 1692(c)(b), and 1692(d).

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist.

Court, SD New York 2006 - Judge Karas in *Foti* based their reasoning on West v. Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The Plaintiff in West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692(c)(b) because no information was actually conveyed about Plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This conclusion has been embraced by other courts as well in the context of applying § 1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of

-6-

her present employer, did not violate § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to the § 1692(e)(11) requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses.) Krug v. Focus Receivables Mgmt., LLC, 2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010) (same); Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), a debt collector may not communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692(b). To violate § 1692(b), the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection as

-7-

"communication" includes conveying information about a debt "indirectly." 15 U.S.C. §
1692a(2).) Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002).
(FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist.
LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642
(W.D.N.C.1998) (Finding that a phone call to a debtor's neighbor that the Defendant had
a "very important" matter to address was "regarding a debt" because the content of the
phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged
arrearage. Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824 (Finding
that the messages left by the Defendant constituted "communications" even though they
did not technically mention any information about the debt and stated a claim under §
1692(c)(b) since it was not left for the purpose of obtaining location information which
is the only permissible communication with third parties under the FDCPA, quoting
West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also
quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL
1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the message was a
communication under the FDCPA even though it was not disclosed that it came from a
debt collector where the name of the company was referenced, directions to return the
call were given, and the purpose of the message was to induce the debtor to return the
call). Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa.
July 26, 2010) (The consumer adequately alleged that Defendant contacted a third party
in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of
location information. A debt collector may not seek additional information about a

-8-

consumer because such information is beyond the scope of location information.)

Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010). (A "communication"

need not refer to the debt."); Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d

1346, 1350-51 (N.D. Ga. 2008) (finding that the telephone message at issue, which

referenced an "important" matter, contained information regarding a file number and

whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed

information concerning the debt and, therefore, met the statutory definition of a

"communication"); Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d

1035, 1041 (N.D. Ill. 2008) (finding that the message was an indirect communication

regarding the Plaintiff's debt where it conveyed pertinent information including the fact

that there was a matter he should attend to and instructions on how to do so);

Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005)

(finding that the messages left by the Defendant constituted "communications" even

though they did not technically mention specific information about the debt); Belin v.

Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4

(M.D. Fla. July 14, 2006) (finding that the message was a communication under the

FDCPA even though it was not disclosed that it came from a debt collector where the

name of the company was referenced, directions to return the call were given, and the

purpose of the message was to induce the debtor to return the call); Shaver v. Trauner,

97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998) (The only exception in

the FDCPA which permits a debt collector to contact third parties is to obtain: "location

information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to

someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss). Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

15.   Said message was in violation of 15 U.S.C. 1692 §§ 1692c(b) and 1692d for leaving a message with a third party.

16.   The Defendant, a domestic LLP, filed an application for authority to do business in New York with the New York Department of State on a date better known to the Defendant. The Dept. of corporations in New York confirmed that as of May 8, 2012, Cohen & Slamowitz, LLP has not filed any affidavits or certificate of publication which leads them to be suspended from doing business in New York.

-10-

17.     Domestic LLP's are required to publish their formation, and file proof of publication of their LLP within 120 days of the filing of their application for authority.

18.     At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any certificate of publication and/or failed to file any sort of proof or affidavit of publication, as required.

19.     Pursuant to the New York Limited Liability Company Law, failure to file the certificate of publication results in suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings in New York State during the period of noncompliance.

20.     At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business had been suspended.

21.     During the period of noncompliance, Defendant was prohibited from conducting business in New York State.

22.     At the time of the mailing of the collection letters, Defendant's authority to do business had been suspended.

23.     The least sophisticated consumer is unlikely to search and/or to have the ability or knowledge to search Department of State records to determine whether Defendant's authority to do business is suspended.

24.     Doing business in New York when Defendant's authority to do business had been suspended violates 15 U.S.C. §§1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f.

25.     Section 1692e provides: § 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection

-11-

with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of-

(A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt § 1692f.

Unfair Practices: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

26. Defendant violated the above provisions of the statute because they had no right to collect this debt.

27. Defendant's activities in collecting this debt were deceptive, misleading, and/or false.

28. Defendant's collection techniques involved asking consumers to pay debts when they had no legal ability to ask for payment.

29. Defendant did not inform the consumer that the debt owed was to a Defendant which had no authority to do business in New York and/or that Defendant had no right to collect any money or to sue in New York.

30. Any judgment obtained during Defendant's period of noncompliance is a nullity and of no legal force or effect.

31. The conduct of Defendant in collecting and attempting to collect monies owed when it was not allowed to pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debt and

-12-

having money extracted from them.

32.  As a result of the unlawful collection activity which the Defendant engaged in, Plaintiff

is entitled to damages pursuant to GBL §349.

33.  On or about July 1, 2011, Defendant sent a collection letter communicating to the least

sophisticated consumer that the communication came from a law firm in a practical

sense violating Section 1692e(3).

34.  The FDCPA prohibits the use of any "false, deceptive, or misleading representation or

means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a

non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription,

including "the false representation or implication that [a] communication is from an

attorney." Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer

violates Section 1692e(3) if an attorney was not "directly and personally involved" with

the debtor's account — such as by reviewing the debtor's file — before the letter was

sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e..g, Taylor v.

Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v.

Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-

CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite

Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.);

See Also. Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP

08, 2011) ( "Absent any disclaimer and without an attorney conducting any meaningful

review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)"

35.   The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

36.   Although Cohen & Slamowitz, LLP may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

37.   If Cohen & Slamowitz, LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon

v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up." See also. Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.

See, e..g Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".

38.   On or about July 1, 2011, Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants and which Defendants acquired after such obligation or alleged obligation was charged-off or was in default.  A true and correct copy of Defendant's communication is attached hereto.

39.   Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

40.   Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

41.  The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

42.  The said letter is a standardized form letter.

43.  Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

44.  Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one through forty four as if set forth fully in this cause of action.

45.  This cause of action is brought on behalf of Plaintiff and the members of three classes.

46.  Class A consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (c) that the telephone message was in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

-16-

47.     Class B consists of all persons whom Defendant's records reflect resided in the State of
        New York and who received collection letters from Defendant's representatives within
        one year prior to the date of the within complaint up to the date of the filing of the
        complaint; (a) the collection letter(s) was sent to a consumer seeking payment of a
        consumer debt; and (c) that the collection letter(s) used an attorney letter head which
        represented that the letter was sent from a law firm in a practical sense but which failed
        to qualify that the debt had not been reviewed by an attorney (d) the letter was sent
        concerning the seeking payment of an alleged debt and was not returned or undelivered
        by the post office; and (e) that the message contained violations of 15 U.S.C. §§ 1692e,
        1692e(3), 1692e(10).

48.     Class C consists of all persons whom Defendant's records reflect resided in the State of
        New York and who were sent a collection letter (a) bearing the Defendant's letterhead in
        substantially the same form as the letter sent to the Plaintiff sent within one year prior to
        the date of the within complaint (b) the collection letter was sent to a consumer seeking
        payment of a consumer debt; and (c) the collection letter was not returned by the postal
        service as undelivered (d) and the Plaintiff asserts that the letter contained violations of
        15 U.S.C. §§1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and1692f, for doing
        business when its authority to do so in New York had been suspended.

49.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
        preferable in this case because:

        (a)     Based on the fact that form telephonic messages and form collection letters are at
                the heart of this litigation, the class is so numerous that joinder of all members is

-17-

impracticable.

(b)     There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such telephonic messages and a collection letter (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

50.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

-18-

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

51.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

52.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

53.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

54.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); And

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
June 25, 2012

-19-

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508).

-20-

P.O. BOX 9012
WOODBURY, NY 11797-9012

38474

506C471486

**Law Offices of**
**Cohen & Slamowitz, LLP**
(516) 686-8986
(800) 293-6006 ext. 8986
Fax (516) 908-7993
NYC DCA LICENSE No 1160860

July 01, 2011

RE:
Original Creditor: Chase Bank Usa,N.A
Creditor: Platinum Recovery Services, Inc.
Account: 4266841130280264
C&S File No. C471486
Balance Due As Of July 01, 2011: $9,343.94

30830-05\*\*\*\*AUTO\*\*5-DIGIT 11213
Chaya M Roness                    133 38474
529 Crown St
Brooklyn, NY 11213-5126

Dear Chaya M Roness:
        We are authorized to offer you a **50% settlement** of the above referenced debt. Your balance due is currently $9,343.94. Our client will accept the **reduced sum of $4,671.97** if you pay **on or before July 26, 2011**. Upon receipt and clearance of your payment, your account will be deemed **settled in full** by our client.

        We urge you to take advantage of this opportunity to settle your account for pennies on the dollar. Please contact your account representative at the telephone number set forth above as this offer may not be available to you after **July 26, 2011**. Kindly note that this offer to settle is void if you are refinancing or selling your house, or if we have restrained your bank account.

                        Very Truly Yours,

                        Cohen & Slamowitz, LLP

ALL CHECKS SHOULD BE FORWARDED DIRECTLY TO THIS OFFICE AND MADE PAYABLE TO PLATINUM RECOVERY SERVICES, INC.. OUR OFFICE ALSO ACCEPTS WESTERN UNION, MONEY GRAM, MASTERCARD, VISA, DISCOVER CARD, AND CHECKS VIA TELEPHONE, OR VISIT OUR WEBSITE AT WWW.CSLAWLLP.COM TO MAKE PAYMENTS ONLINE.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**


C471486


PLATINUM RECOVERY SERVICES, INC.

Please detach and return this portion with your payment

| Credit Card Used For Payment | | |
| --- | --- | --- |
| ❑ Visa    ❑ MasterCard    ❑ Discover | | |
| Card Number | | Amount |
| Signature | | Exp. Date |

Original Creditor: Chase Bank Usa,N.A
Creditor: Platinum Recovery Services, Inc.
Account: 4266841130280264
C&S File No. C471486

Chaya M Roness
529 Crown St
Brooklyn, NY 11213-5126

COHEN & SLAMOWITZ, LLP
P.O. BOX 9001
WOODBURY, NY 11797-9001

**TOTAL DUE:** $9,343.94
**DUE DATE:** July 26, 2011
**SETTLEMENT AMOUNT:** $4,671.97

AMOUNT ENCLOSED $_____




LSLTR1-0705
DID1195865