

**Wendy B. Shepps**
Of Counsel

P: 973-623-6163
F: 973-623-9131
wshepps@podvey.com
Member of NY, NJ and FL Bars

PLEASE REPLY TO NEWARK

May 15, 2013

**VIA ECF**
Honorable Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     **Roness v. Cohen & Slamowitz, LLP**
        **1:12-cv-03243-MKB-SMG**
        **Bokitko v. Law Office of Cohen & Slamowitz, LLP**
        **1:12-cv-03672-MKB-SMG**
        **Hofstatter v. Cohen & Slamowitz, LLP**
        **1:12-cv-03920-MKB-SMG**
        **Harris v. Cohen & Slamowitz, LLP**
        **1:12-cv-03922-MKB-SMG**
        **Kingston v. Cohen & Slamowitz, LLP**
        **1:12-cv-03926-MKB-SMG**
        **Garcia v. Cohen & Slamowitz, LLP**
        **1:12-cv-04136-MKB-SMG**

Dear Hon. Brodie:

This office represents Defendant Cohen & Slamowitz, LLP in the six above-referenced matters.  Pursuant to Your Honor's Individual Rules, we respectfully request a pre-motion conference as a prerequisite to the filing of a motion seeking dismissal of the complaints in each of the above-referenced six matters pursuant to FRCP 37 for failure to comply with the discovery order issued by Magistrate Judge Gold or in the alternative, for summary judgment pursuant to FRCP 56.  We note that the six matters were not consolidated, but were instead referred to Magistrate Judge Gold and Your Honor.

It is alleged in each of the six matters that Cohen & Slamowitz violated the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692, when attempting to collect a debt owed by the debtors, the plaintiffs in these six actions.

Pursuant to the Order of Magistrate Judge Gold, discovery in each of the six matters was to be completed by April 5, 2013.  Cohen & Slamowitz fully responded to discovery demands served on behalf of the respective plaintiffs.  Notably, no discovery demands were served by plaintiff in the *Roness* matter.

Page 2

Judge Gold issued the same discovery order, dated November 19, 2012 in each of the six matters setting April 5, 2013 as the discovery end date.  As Judge Gold held in his order, "given the lengthy time permitted for discovery, the parties are hereby alerted that NO APPLICATIONS TO EXTEND THE TIME FOR DISCOVERY WILL BE ENTERTAINED.  ANY DISCOVERY NOT TAKEN WITHIN THE TIME PERMITTED IS WAIVED".

Discovery demands on behalf of the defendant, including interrogatories, requests for production and requests for admission in the *Roness*, *Hofstatter* and *Garcia* matters were served on plaintiffs on January 31, 2013.  Depositions of the plaintiffs in those actions were noticed for the week of March 11, 2013 but did not proceed as discovery responses had not been received from the plaintiffs.

Discovery demands on behalf of the defendant, again including interrogatories, requests for production and requests for admission were served on plaintiffs in the *Harris*, *Kingston* and *Bokitko* cases on March 1, 2013.  Responses due by April 1, 2013 were not received; accordingly, the depositions of the respective plaintiffs noticed for April 4, 2013 did not proceed.

No responses were received from the plaintiffs to any of the discovery demands served on behalf of Cohen & Slamowitz prior to the April 5, 2013 discovery end date on any of the six matters pending before Your Honor.  Not even initial disclosures pursuant to FRCP 26a were served by the plaintiffs in any of the cases, except for the *Garcia* case.

As the Court is aware, the same attorney represents the respective plaintiffs in each of the six matters commenced against Cohen & Slamowitz.  We communicated with plaintiffs' counsel on several occasions in good faith on each of the six matters, but no responses were received to any of the defendant's discovery demands.

We appeared before Magistrate Judge Gold for a conference on April 16, 2013 and advised of plaintiffs' failure to respond to any discovery demands in any of the six actions, including requests for admission.  Plaintiffs' counsel stated that given the "history" he had in commencing other actions against the defendant, he did not pursue discovery as he believed the matters would settle.  It is respectfully submitted that a belief that a case will settle does not excuse a parties' failure to respond to discovery or failure to comply with an Order of the Court.

In light of the respective plaintiffs' willful and unjustifiable failure to respond to discovery demands served on behalf of the defendant, failure to identify a witness pursuant to FRCP 26a or to produce a witness for a deposition, it is respectfully submitted that the six actions should be dismissed pursuant to FRCP 37(b)(2)(A); (c)(1); (d)(1)(A)(i); and (d)(1)(A)(ii) in their entirety as against Cohen & Slamowitz.

In the alternative, defendant Cohen & Slamowitz seeks leave to file a motion for summary judgment pursuant to FRCP 56 and argue that the Court should make an adverse inference based upon the respective plaintiffs' failure to respond to defendant's discovery demands in each of the six pending cases.

Page 3

Each plaintiff alleges in each of the six matters that the defendant failed to conduct a meaningful attorney review prior to corresponding with the debtors (the plaintiffs herein).  There are no issues of fact on this claim.  There is no evidence in the record to support the respective plaintiffs' claims of a violation of the FDCPA.  Accordingly, defendant seeks leave to file a summary judgment motion.

In one of the three matters, *Roness*, plaintiff also alleges that the defendant violated the FDCPA by leaving a message with a third-party.  No discovery was conducted by plaintiff in the *Roness* case and there was no disclosure of the identity of a third-party with whom the defendant's representative allegedly left a message.    Accordingly, defendant respectfully requests leave to file a motion for summary judgment based on the lack of evidence in the record to support the claim of a violation of the FDCPA in the *Roness* case.

Further, in the *Hostatter* and *Roness* cases, it is also alleged that the defendant failed to file an affidavit or certificate of publication.   Defendant Cohen & Slamowitz respectfully seeks leave to file a motion for summary judgment on the basis that such allegation does not support a claim for violation of the FDCPA.

Finally, Requests for Admission were served in each of the six cases.  The 30 days set forth in FRCP 36 to serve responses has expired, accordingly, pursuant to FRCP 36(a)(3), the Requests for Admission are deemed admitted.  Thus, in each of the cases, the plaintiffs have been deemed to admit that they incurred the underlying debt and defaulted in payment of said debt; they did not incur actual damages as a result of alleged violations of the FDCPA by the defendant; and have not paid nor agreed to pay attorney's fees to their attorney in the subject matters.

Defendant Cohen & Slamowitz respectfully requests leave to file a motion to dismiss the complaints in each of the above-referenced six matters pursuant to FRCP 37 for failure to comply with the discovery order issued by Magistrate Judge Gold or in the alternative, for summary judgment pursuant to FRCP 56.

Thank you for considering this application.

Respectfully submitted,

Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C.

Wendy B. Shepps